# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>                             Plaintiff,<br><br>    vs.<br><br>GUEST FOOD SERVICE CORP., et al.,<br><br>                             Defendant. | CASE NO. 09cv481 DMS (JMA)<br><br>**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; AND (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Docs. 9 & 12] |

Presently before the Court are Plaintiff's motion for default judgment and Defendant's motion to set aside default. For the following reasons, the Court grants Defendant's motion to set aside default. Plaintiff's motion for default judgment is denied.

## I.

## BACKGROUND

On March 10, 2009, Plaintiff J & J Sports Productions, Inc., filed a complaint against Defendant Miller of San Diego, Inc., erroneously sued as Guest Food Service Corporation, dba Miller's Field, aka Pizzaria Uno ("Defendant"), for violations of the Communications Act of 1934, the Cable & Television Consumer Protection and Competition Act of 1992, and California's unfair competition law. Plaintiff alleges it had exclusive rights to distribute *"Unfinished Business: Manny Pacquiao v. Juan Manuel Marquez II*, (the "Program"), which was telecast nationwide on Saturday

March 15, 2008. (Pl. Comp. ¶ 9.) Plaintiff alleges Defendant exhibited the Program at its commercial establishment, in violation of Plaintiff's exclusive rights. (Id. at ¶ 12.) Defendant did not answer the complaint.

On May 6, 2009, the Clerk entered default against Defendant. On October 7, 2009, this Court ordered a hearing to dismiss the action pursuant Local Rule 55.1, for Plaintiff's failure to move for default judgment within thirty (30) days of the entry of default. (Doc. 8.) On October 22, 2009, Plaintiff moved for default judgment and the Court vacated the hearing. (Docs. 9 & 10.) On November 10, 2009, Defendant filed a motion to set aside default.

## II.

## DISCUSSION

**A.  Legal Standard**

Entry of default can be set aside for good cause. Fed. R. Civ. Pro. 55(c). The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001); *Franchise Holding II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court can deny the motion if any of the three factors are met. *Id.* (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

The defaulting party bears the burden of showing the default should be set aside. *Id*. Motions to set aside default should be liberally construed and decisions on the merits are preferred over default judgments. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). A court's discretion to set aside a default is "especially broad" where no default judgment has been entered. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

**B.  Culpability**

A defendant's actions may be culpable where he or she acts "with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. Here, Defendant contacted his attorney

Doug Reynolds upon receiving notice of the instant lawsuit.[1] (Miller Decl., ¶ 4.) On May 8, 2009, two days after the default was entered, Defendant followed up with Mr. Reynolds and learned that he was attempting to resolve the case with Mr. Riley and that no answer was due in the action. (*Id*. at ¶ 7.) On October 29, 2009, Defendant contacted Mr. Reynolds for an update on the case but received no response. (*Id*. at ¶ 8.) On November 2, 2009, Defendant learned of the motion for default judgment. (*Id*. at ¶ 10.) Defendant immediately tried to contact his attorney. *Id*. When Mr. Reynolds failed to respond, Defendant sought new counsel. (*Id*. at ¶ 11.) Defendant retained new counsel on November 4, 2009, and a motion to set aside default was filed within one week. (*Id*.)

Defendant's actions were not culpable. He contacted his lawyer immediately and received assurances that the matter was being handled. Defendant had previously worked with Mr. Reynolds and had no reason to believe the case was not being handled appropriately. (*Id*. at ¶ 6.) Although Defendant did not contact his lawyer for several months, he took action immediately upon learning of the motion for default judgment. There is no evidence that Defendant acted in bad faith or willfully delayed his response to prejudice Plaintiff.

**C.   Meritorious Defense**

A party seeking to vacate entry of default must allege specific facts that would constitute a defense, but the burden is not extraordinarily heavy. *TCI Group*, 244 F.3d at 700. Here, Defendant alleges he purchased the rights to view the pay-per-view Program from Time Warner Cable and Plaintiff provided Defendant's Time Warner Cable bill showing that he paid $49.99 for the Program. (Doc. 9-2, Ehx. 1.) This raises a question as to whether Defendant was authorized to broadcast the Program, which would provide a defense to Plaintiff's claims.

**D.   Prejudice**

Defendant argues there is no prejudice because the case is in its infancy and no discovery has been propounded. Plaintiff disagrees but does not explain how it will be prejudiced. The Court notes that default was entered in May, 2009, and Plaintiff did not move for default judgment until October, 2009. Further, Plaintiff did not move for default judgment until this Court ordered a hearing to dismiss the case. Accordingly any prejudice to Plaintiff is minimal.

---

[1] The Court does not reach the issue of whether service was proper.

In light of the above facts, and the preference to hear cases on the merits, the Court grants Defendant's motion to set aside the default.

### III.
### CONCLUSION

For the foregoing reasons, Defendant's motion to set aside default is granted. Plaintiff's motion for default judgment is denied.

**IT IS SO ORDERED.**

DATED: December 8, 2009

_____
HON. DANA M. SABRAW
United States District Judge